———————o———————

## No. 6142.

### GARLICK POSTER ADV. CO. vs. GEO. R. STRICKLE.

#### Syllabus.

1. No obligation can arise out of a transaction where there is error on both sides, except the obligation to restore what has been received in error.

2. A lease for no fixed time may be terminated at the will of either party.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 103,198. Hon. Porter Parker, Judge

Stafford and Robinson, for plaintiff and appellant. Emile Pomes, for defendant and appellee.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

To make a long story short: When Junius Garlick paid and defendant received the $100 in Septemebr, 1912, both were under the impression that it was a payment of rent up to date. So that no contractual relations grew up between the parties out of that transaction, giving Garlick the right to use the premises for another year.

For **neither** party had at that time any thought that he was entering into such a contract, C. C., 1798, 1819.

For the rest the agreement of June 28, 1910, by which for "$50 per year," Garlick obtained the right to erect a fence on defendant's property and use the same "until the property is sold or improved for other purposes," was nothing more than a lease for no fixed time, and therefore terminable at the will of either party after the first year (C. C., 2686).

Plaintiff was notified to remove its fence but failed to do so; and defendant was only using his own right when he removed it himself.

Defendant, however, must return (as he admits) the $50.00 received in error.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of plaintiff, the Garlick Poster Advertising Co., and against the defendant, George R. Strickle, for the full sum of Fifty Dollars, with legal interest from judicial demand, and the costs of both Courts.

Opinion and decree June 15, 1914.